USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/19/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Donna Lamour,

                Plaintiff,

-against-

Thomas Musarra, SVP, Noel Quinne, Colin Bell and Attorneys Nelissa A. Sposato, Esq.,

                Defendants.

1:24-cv-00903 (JGLC) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion by defendants Thomas Musarra, Noel Quinn (incorrectly sued as Noel Quinne) and Colin Bell (collectively, "Defendants") to stay discovery pending resolution of their motion to dismiss.[1] (Defs.' Letter Mot., ECF No. 21.) Plaintiff was to file any response to the motion to stay no later than September 13, 2024. (*See* 9/6/24 Memo End., ECF No. 22.) As of the date of this Order, the Court has not received any response from Plaintiff. For the reasons set forth below, Defendants' motion is GRANTED.

Under Federal Rule of Civil Procedure 26(c), "[a] court has discretion to stay discovery during the pendency of a motion to dismiss upon a showing of good cause." *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Showtime on Piers LLC*, No. 19-CV-07755 (VEC), 2019 WL 6912282, at *1 (S.D.N.Y. Dec. 19, 2019) (citing Fed. R. Civ. P. 26(c)(1)). "The filing of a motion to dismiss does not itself constitute 'good cause,' and courts have considerable discretion in determining whether a stay is warranted." *Press v. Primavera*, No. 21-CV-10971 (JLR), 2022 WL

---

[1] Defendant Nelissa Sposato was served on August 21, 2024 (*see* Marshal's Process Receipt, ECF No. 23) and has not yet appeared in this action.

17736916, at *1 (S.D.N.Y. Dec. 16, 2022). "In determining whether good cause exists, courts consider: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id*.

Applying these factors, the Court finds that a stay of discovery is appropriate in this case. First, the Court finds that Defendants have raised viable grounds for dismissing the Complaint, including lack of subject matter jurisdiction. (*See* Defs.' Letter Mot. at 2.) In addition, if Defendants prevail on the motion, it would dispose of all, or almost all, of the claims in the action. Thus, this factor weighs in favor of granting a stay. *See Press*, 2021 WL 1893316, at *2; *see also Magee v. Walt Disney Co.*, No. 19-CV-10274 (AJN) (SDA), 2020 WL 8815489, at *1 (S.D.N.Y. June 10, 2020) ("As Defendants 'have presented substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit, a stay of discovery is appropriate.'") (quoting *Trustees of New York City Dist. Council of Carpenters Pension Fund*, 2019 WL 6912282, at *1 (citing cases)).

Second, the Complaint, which is titled "Affidavit by facts Brief for Fraud Lawsuit" and is styled as a Request to Admit (*see* Compl., ECF No. 1), appears to raise a number of claims such that discovery is likely to be burdensome. *See HAHA Glob., Inc. v. Barclays*, No. 19-CV-04749 (VEC) (SDA), 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020). Further, because "the disposition of the dismissal motions may significantly narrow, if not eliminate, the issues remaining in this case," the Court finds that "proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on" Defendants. *Id*. (quoting *Rivera v. Heyman*, No. 96-CV-04489 (PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997)).

Finally, the Court finds that staying discovery will not unfairly prejudice Plaintiff as Defendants' motion to dismiss has already been filed and, thus, "any stay would last briefly." *Trustees*, 2019 WL 6912282, at *1; *see also Spinelli v. Natl. Football League*, No. 13-CV-07398 (RWS), 2015 WL 7302266, *2 (SDNY, November 17, 2015) ("[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action[.]").

For these reasons, the Court finds that the relevant factors weigh in favor of granting a stay. Accordingly, it is hereby Ordered that Defendants' motion to stay is GRANTED and discovery in this action is STAYED pending the Court's disposition of the pending motion to dismiss.[2] It is further Ordered that, having received no opposition from Plaintiff to the pending motion to dismiss, the Court hereby extends the deadline for Plaintiff to file any opposition until October 2, 2024. If Plaintiff files an opposition, Defendants shall file any reply no later than October 9, 2024. If Plaintiff fails to oppose Defendants' motion, the Court shall make its report and recommendation regarding the motion to dismiss based solely upon Defendants' submission.

**SO ORDERED.**

DATED: New York, New York
September 19, 2024

_____
STEWART D. AARON
United States Magistrate Judge

---

[2] The stay does not affect the deadline for Defendant Sposato to respond to the Complaint, which currently is October 21, 2024. (*See* Marshal's Process Receipt.) If Defendant Sposato also files a motion to dismiss, the stay will remain in effect until the pending motion to dismiss and Defendant Sposato's motion are resolved.