```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Donna Lamour,

                Plaintiff,

-against-

Thomas Musarra, SVP, Noel Quinne, Colin Bell and Attorneys Nelissa A. Sposato, Esq.,

                Defendants.

1:24-cv-00903 (JGLC) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

The Court held a telephone conference with the parties today,[1] during which the following motions were discussed: Defendants' October 3, 2024 Letter Motion (ECF No. 30) asking the Court to compel Plaintiff to provide her current address; Defendants' pending motion to dismiss (ECF No. 8) and Plaintiff's outstanding response thereto; and Plaintiff's October 3, 2024 Motion for Reconsideration (ECF No. 33) asking the Court to reconsider the September 19, 2024 Order granting Defendants' motion to stay.

As an initial matter, as set forth during today's conference, Mr. George is not an attorney and, accordingly, is not permitted to represent Ms. Lamour in this action. "The statute governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Syville v. City of New York*, No. 1:20-CV-00570 (CM), 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) (cleaned up) (quoting *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir.

---

[1] In addition, Edmond George Sr., who has identified himself Ms. Lamour's paralegal, joined the telephone conference.

2007)); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Thus, "[a] person who has not been admitted to the practice of law may not represent anybody other than himself." *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010). "This rule exists to serve not only the interests of the represented party but also the interests of the adversaries and the court, because the entire judicial system benefits from the professional knowledge of practicing attorneys." *Id.* (cleaned up). Although the Court was lenient during today's conference in allowing Mr. George to participate in the conference, he will not be permitted to do so going forward. In the future, Mr. George may attend any conferences, as they are open to the public, but will not be permitted to make arguments on Plaintiff's behalf.

Turning to the pending motions, Defendants' Letter Motion to compel Plaintiff to provide her current address is GRANTED. During the conference, Mr. George and Ms. Lamour represented that Plaintiff's mailing address is General Post Office, Guilford, New York, zip code exempt. Plaintiff represented that there is no P.O Box number. The Court takes judicial notice that the address for the Post Office in Guilford New York is 1261 County Road 35, Guilford, NY 13780. The Clerk of Court is respectfully requested to update Plaintiff's mailing address on the electronic docket to: General Post Office, 1261 County Road 35, Guilford, NY 13780. Defendants shall serve Plaintiff with any filings at this address as well as at the address provided by Plaintiff: General Post Office, Guilford, New York, zip code exempt. As a courtesy, Defendants also shall email any filings to Plaintiff at leadingedge8@gmail.com.

Plaintiff is reminded that it is her responsibility to ensure that her mailing address on the electronic docket is correct and that she must inform the Court and Defendants of any changes of address. *See Reyes v. NY F&B Servs. LLC*, No. 15-CV-02882 (LTS) (DCF), 2016 WL 3826283, at *1 n.1 (S.D.N.Y. July 12, 2016). Failure to do so is grounds for dismissal under Federal Rule of Civil Procedure 41(b). *See Terry v. City of New York*, No. 20-CV-00081 (ER), 2020 WL 5913409, at *2 (S.D.N.Y. Oct. 6, 2020) ("Whether Plaintiff actually received the Court's orders is inconsequential, as it remained his duty to diligently pursue his case and to inform this Court's Pro Se Office of any change of address."); *Toussaint v. Cavalry Portfolio Serv.*, No. 24-CV-00087 (LTS), 2024 WL 580357, at *1 (S.D.N.Y. Feb. 13, 2024) ("A court may dismiss an action under Fed. R. Civ. P. 41(b) if the plaintiff fails to notify the court of a new address and the court is unable to contact the plaintiff.").

For the reasons stated on the record during today's telephone conference, Plaintiff's motion for reconsideration of the Court's Order granting a stay of discovery in this action pending decision on Defendants' motion to dismiss is DENIED.

During the telephone conference, Plaintiff indicated that she has filed with the Pro Se Office a document titled "Writ of Corum Nobis" that Plaintiff and Mr. George state is Plaintiff's opposition to Defendants' motion to dismiss.[2] Plaintiff is directed to email a copy of that document to Defendants' counsel by 5:00 p.m. today.

---

[2] As set forth during the telephone conference, Plaintiff's objection to the motion on the ground that Defendants' counsel included only an electronic signature is without merit. *See* SDNY Electronic Case Filing Rules & Instructions (July 1, 20224 Edition) § 8.1, 8.2, 31.15, available at https://nysd.uscourts.gov/sites/default/files/pdf/ecf_rules/ECF%20Rules%2020240701%20FINAL.pdf.

The deadline for Defendants to file any reply in support of their motion to dismiss is extended until October 28, 2024.

**SO ORDERED.**

DATED:    New York, New York
           October 21, 2024

_____
STEWART D. AARON
United States Magistrate Judge