UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA LAMOUR,

                                        Plaintiff,

                    -against-

THOMAS MUSARRA et al.,

                                        Defendants.

24-CV-903 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

On January 31, 2024, *pro se* Plaintiff Donna Lamour, brought this action against Thomas Musarra, Noel Quinn, Colin Bell (together, "Defendants"), and Nelissa Sposato[1] seeking "injunctive relief, possession, and other relief which will effectively invalidate and reverse" Defendants' allegedly "unlawful fraudulent foreclosure sale" of Plaintiff's property. ECF No. 1 at 1. On July 23, 2024, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction and for insufficient service of process. ECF No. 8. On August 1, 2024, the Court referred this case to Magistrate Judge Aaron for general pretrial and dispositive motions. ECF No. 13.

Following the parties' briefing, Judge Aaron issued a Report and Recommendation on November 26, 2024. ECF No. 44. Judge Aaron described the procedural history and relevant facts of the case, and the Court adopts this recitation and assumes the parties' familiarity with this case. Judge Aaron recommended that Defendants' Motion to Dismiss be granted in part and denied in part. *Id.* Specifically, Judge Aaron found that service of process was proper and timely and recommended that Defendants' motion to dismiss on that ground be denied. *Id.* at 5. Judge Aaron further found that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and

---

[1] Defendant Sposato's deadline to respond to the Complaint was adjourned *sine die* pending the Court's decision regarding objections to the Judge Aaron's Report and Recommendation. ECF No. 45.

recommended granting Defendants' motion on this ground. *Id.* at 6-9. Judge Aaron also recommended granting Plaintiff leave to amend, given Plaintiff's *pro se* status, to the extent she can assert a plausible claim that "does not require the Court to review, amend, or reverse the Foreclosure Judgment." *Id.* at 10 (internal quotations omitted). On December 10, 2024, Plaintiff timely filed objections to the Report and Recommendation. ECF No. 47. Defendants filed their opposition on December 13, 2024. ECF No. 48. Plaintiff filed a response to Defendants' opposition on December 18, 2024. ECF No. 50.

A district court reviewing a magistrate judge's report and recommendation may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Within fourteen days after the magistrate judge has issued their report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews anew (or "de novo") the portions of the report and recommendation to which a timely objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). For portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 600 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020) (internal citation omitted). "To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error." *Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 450 (S.D.N.Y. 2022).

Here, Plaintiff largely reiterates her original arguments and makes only general objections. Nonetheless, in light of Plaintiff's *pro se* status, the Court reviews her arguments anew. Even under this standard, the Court rejects Plaintiff's objections and adopts the Report and

Recommendation, finding it to be well-reasoned and grounded in fact and law. Plaintiff objects to Judge Aaron's Report and Recommendation on the basis that her claims are not barred by the *Rooker-Feldman* doctrine, and that this Court does have subject matter jurisdiction. ECF No. 47. Plaintiff appears to contest whether the foreclosure action at issue took place in a state court. *Id.* ¶ 7 (arguing that the Report and Recommendation's finding "that this court lacks subject [matter] jurisdiction would be correct only if the alleged Foreclosure action took place in a state court."). The county court that Plaintiff refers to where the foreclosure action took place is a state court. It is well-settled that "a property owner who loses his or her interest in the property through an in rem foreclosure proceeding in state court against the property has lost in state court for the purposes of *Rooker-Feldman*'s first requirement." *Dorce v. City of New York*, 2 F.4th 82, 103 (2d Cir. 2021). The Court agrees with Judge Aaron, for the reasons stated in the Report and Recommendation, that all other elements of the *Rooker-Feldman* doctrine are satisfied here. Thus, the Court concludes that Judge Aaron correctly determined that Defendants' motion to dismiss for lack of subject matter jurisdiction should be granted.

Plaintiff appears to state other objections to the Report and Recommendation that appear not to be directed at the conclusion that the Court lacks subject matter jurisdiction. *See, e.g.,* ¶¶ 17-36. However, the Court need not address these arguments. *See e.g.*, *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).").

Accordingly, it is hereby ORDERED that the Report and Recommendation of Magistrate Judge Aaron is ADOPTED in its entirety. Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff is GRANTED leave to amend to the extent she can assert

a plausible claim that does not require the Court to review the state court's foreclosure judgment.

The Clerk of Court is respectfully directed to terminate ECF No. 8.

Dated: February 13, 2025
      New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge