UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONNA LAMOUR,

                    Plaintiff,

            -against-

THOMAS MUSARRA, et al.,

                    Defendants.

---

24-CV-903 (JGLC) (SDA)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Donna Lamour brings this action *pro se* against Defendants Thomas Musarra, Noel Quinn, Colin Bell (together, "Defendants"), and Nelissa Sposato[1] seeking relief from a state court foreclosure judgment (the "Foreclosure Judgment"). This Court previously adopted Magistrate Judge Aaron's Report and Recommendation dismissing Plaintiff's Complaint in its entirety. Defendants now move to dismiss Plaintiff's amended pleadings. After reviewing Magistrate Judge Aaron's Report and Recommendation addressing the amended pleadings, as well as Plaintiff's objection, the Court adopts the Report and Recommendation in its entirety.

## BACKGROUND

Plaintiff initiated this suit on January 31, 2024, seeking "injunctive relief, possession, and other relief which will effectively invalidate and reverse" Defendants' allegedly "unlawful fraudulent foreclosure sale" of Plaintiff's property. ECF No. 1 at 1. On July 23, 2024, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction and for insufficient

---

[1]     Plaintiff brings this suit against "Attorneys Nelissa A. Sposato, ESQ, Ettinger Law Firm." ECF No. 53 at 1; ECF No. 54 at 1. However, the Court adjourned Defendant Melissa Sposato's deadline to respond to Plaintiff's Complaint *sine die*, ECF No. 45. Defendant Sposato did not join in Defendants Musarra's, Quinn's, and Bell's present Motion to Dismiss, nor file a response to Plaintiff's amended pleadings. *See* ECF No. 55.

service of process. ECF No. 8. On August 1, 2024, this Court referred this case to Magistrate Judge Aaron for general pretrial and dispositive motions. ECF No. 13.

On February 13, 2025, this Court adopted Magistrate Judge Aaron's Report and Recommendation ("R&R") in its entirety. ECF No. 51. The R&R, as adopted, granted in part and denied in part Defendants' Motion to Dismiss. *Id.* Judge Aaron found that service of process was proper and timely, but that Plaintiff's claims were barred by the *Rooker-Feldman* doctrine. *Id.* at 1–2 (citing ECF No. 44 at 5–9). Considering Plaintiff's *pro se* status, the Court granted Plaintiff leave to amend "to the extent she can assert a plausible claim that 'does not require the Court to review, amend, or reverse the Foreclosure Judgment.'" *Id.* at 2 (quoting ECF No. 44 at 10).

On March 7, 2025, Plaintiff filed an "Amended Affidavit by Facts Claim for Fraud Lawsuit" ("Amended Pleading"), which the Court and parties treat as an Amended Complaint. ECF No. 53; *see* ECF No. 56 at 2. On March 26, 2025, Defendants filed a Motion to Dismiss Plaintiff's Amended Pleading. ECF No. 55. On April 9, 2025, Plaintiff filed a response in opposition to the Motion to Dismiss. ECF No. 60. On April 10, 2025, Defendants filed their reply. ECF No. 63. Following Defendants' reply, Plaintiff filed a letter and response in the nature of a sur-reply. ECF Nos. 65–66.

On April 22, 2025, Judge Aaron issued a Report and Recommendation recommending that Defendants' renewed Motion to Dismiss be granted and that this action be dismissed with prejudice. ECF No. 67 at 7. Judge Aaron held that Plaintiff's Amended Pleading exceeded the scope of the leave to amend because her amended claims still required the Court to review, amend, or reverse the Foreclosure Judgment. *Id.* at 5–6. Additionally, Judge Aaron concluded that Plaintiff's amended claims are still barred by the *Rooker-Feldman* doctrine. *Id.* at 6.

2

Following an extension of the party's deadline to object to the R&R, ECF No. 68, Plaintiff filed her timely objection on August 11, 2025. ECF No. 69. On August 21, 2025, Defendants filed a response to Plaintiff's objection. ECF No. 71.

**LEGAL STANDARD**

A district court reviewing a magistrate judge's report and recommendation may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Within fourteen days after the magistrate judge has issued their report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews anew (or "de novo") the portions of the report and recommendation to which a timely objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). For portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 600 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020) (internal citation omitted). "To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error." *Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 450 (S.D.N.Y. 2022).

**DISCUSSION**

Here, Plaintiff again largely reiterates, virtually verbatim, her arguments in her opposition to Defendants' Motion to Dismiss. *Compare* ECF No. 69 at 1–3 *with* ECF No. 60 at 2–4. When an objection to an R&R "simply reiterates the original arguments," courts need only review the R&R for clear error. *See Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 450 (S.D.N.Y. 2022). However, even considering Plaintiff's arguments anew, the Court rejects her objections

and adopts the Report and Recommendation, finding it to be well-reasoned and grounded in fact and law. Plaintiff's arguments, which focus on the *Chevron* and *Clearfield* doctrines, do not address Magistrate Judge Aaron's conclusion that because of the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over Plaintiff's claims. *See* ECF No. 69.

Additionally, Plaintiff argues that the R&R had not been properly served on her. ECF No. 69 at 1. A copy of the R&R was mailed to Plaintiff on April 23, 2025, and the Court received return mail on May 6, 2025, due to an "insufficient address" and being "[u]nable to forward." ECF No. 68. Nevertheless, Plaintiff acknowledges that she did receive the R&R via email on August 1, 2025. *Id.* Because this Court extended the deadline to object to the R&R until August 19, 2025, Plaintiff had more than the original fourteen-day deadline to object to the R&R. ECF No. 67 at 7–8. Therefore, Plaintiff's objection to the R&R based on alleged lack of service fails.

In sum, the Court rejects Plaintiff's objections because the Court agrees that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and that Judge Aaron correctly determined that Defendants' Motion to Dismiss should be granted. Because the Court lacks subject matter jurisdiction over Plaintiff's suit, the Court dismisses Plaintiff's case in its entirety. The Court also agrees that amendment would be futile.

## CONCLUSION

It is hereby ORDERED that the Report and Recommendation of Magistrate Judge Aaron is ADOPTED in its entirety. Defendants' Motion to Dismiss is GRANTED in its entirety. Plaintiff's claims are DISMISSED with prejudice. The Clerk of Court is directed to terminate

ECF No. 55 and to close this case.

Dated:  February 6, 2026
　　　　 White Plains, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge